UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**MORTON BLECHMAN, Individually and as Trustee of the Estate of Lillian Blechman, Deceased; and JUDITH ANN HARRIS,**

Plaintiffs,

v.

**WARNER-LAMBERT COMPANY; PARKE-DAVIS, a division of Warner-Lambert; PFIZER, INC.; JULIE HELGESON; ELIZABETH DESTAFNEY; SHELLI JO GILBERT; and JACK M. HICKERSON,**

Defendants.

Civil No. 02-300 (DSD/SRN)

**ORDER**

APPEARANCES

Stephen J. Randall, Esq., E. Frank Woodson, Esq., and Roger Smith, Esq., for Plaintiffs.

William P. Studer, Esq., for Defendants.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on April 4, 2002 through a telephone conference, on Defendant's Motion to Defer Hearing on Plaintiffs' Motion to Remand (No Doc. No.). The case has been referred to the undersigned for resolution of pre-trial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

APR 1 0 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

On January 7, 2002, Plaintiffs filed this action against Defendants in Hennepin County District Court, and Defendants filed their Joint Answer on January 28, 2002 in that Court. In their Complaint, Plaintiffs allege injuries resulting from their ingestion of the drug Rezulin (troglitazone), which was manufactured by Defendants Warner-Lambert and Parke-Davis. Plaintiffs allege that Defendants placed this purportedly defective and dangerous product into the stream of commerce and fraudulently represented the safety and efficacy of the drug.

On February 4, 2002, Defendants filed a notice of removal premised upon this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1.) On February 12, 2002, Defendants notified the Multi-District Litigation Panel ("MDL Panel") of this potential "tag-along action" pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. By such notification, Defendants sought the transfer of this case to the Southern District of New York for consolidated pretrial proceedings as part of MDL-1348, In re Rezulin Products Liability Litigation. On March 6, 2002, the MDL Panel issued a Conditional Transfer Order for this action.

Plaintiffs filed their opposition to the Conditional Transfer Order on March 21, 2002, and were required to file their Motion to Vacate the Conditional Transfer Order along with their supporting legal memorandum by April 5, 2002. The MDL Panel will then render a decision without oral argument. However, Plaintiffs also have filed a Motion to Remand with this Court, which is scheduled for oral argument on April 30, 2002, and which gives rise to the instant motion. Defendants move the Court for an order

deferring that motion hearing until after the MDL Panel rules on Plaintiffs' Motion to Vacate the Conditional Transfer Order.

## II. DEFENDANTS' MOTION TO DEFER HEARING ON PLAINTIFFS' MOTION TO REMAND

Defendants request that the Court defer hearing the remand motion pending a ruling by the MDL Panel. Plaintiffs oppose Defendants' motion. As noted above, the MDL Panel issued a Conditional Transfer Order, transferring this case to the Southern District of New York, where similar actions have been consolidated.[1] Plaintiffs have moved to vacate that order. However, the Court notes that Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provides that the MDL Panel's issuance of a conditional transfer order does not affect this Court's jurisdiction to hear the pending motions.

Upon review of the file, the arguments of counsel, and the relevant case law, it does not appear to the Court that this case differs materially from those consolidated in the MDL action. Furthermore, Plaintiffs' jurisdictional question is easily capable of arising in many other similar cases in district courts throughout the country. See In re Ivy, 901 F.2d 7, 9 (2nd Cir. 1990). As such, common issues of law and fact are involved in Plaintiffs' jurisdictional objections. See id. If "the jurisdictional objections can be heard and resolved by a single court," then "[c]onsistency as well as economy is . . . served." Id.

[1] Because of the large number of similar products liability cases involving the drug Rezulin that were filed throughout the United States, the MDL Panel established a consolidated proceeding in the United States District Court for the Southern District of New York, In re Rezulin Prods. Liab. Lit., MDL-1348, on June 9, 2000, to handle all pretrial proceedings in these matters.

Because of the similarity of issues contained in this matter with those raised in the consolidated actions, the value of uniform and consistent rulings, and the need to conserve scarce judicial resources, the Court finds that it is appropriate to defer hearing Plaintiffs' Motion to Remand pending transfer of this matter to the Southern District of New York.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendants' Motion to Defer Hearing Plaintiffs' Motion to Remand (No Doc. No.) is **GRANTED**;

(2) Plaintiffs' Motion to Remand (Doc. No. 6) is **DEFERRED**, pending transfer of this matter to the United States District Court for the Southern District of New York; and

(3) Oral argument for Plaintiffs' Motion to Remand (Doc. No. 6), currently scheduled for April 30, 2002, shall be removed from the Court's calendar.

Dated: April 10, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge