A CERTIFIED TRUE COPY
JUN 17 2002
ATTEST
FOR THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

JUDGE KAPLAN 02 CV 5032

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
JUN 17 2002
FILED
CLERK'S OFFICE

DOCKET NO. 1348 02-300 DSD/SRN

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE REZULIN PRODUCTS LIABILITY LITIGATION

FLD SDofNY 7/1/02

*Carolyn Diane McLendon v. Warner-Lambert Co., et al.*, M.D. Florida, C.A. No. 2:01-672
*Morton Blechman, et al. v. Warner-Lambert Co., et al.*, D. Minnesota, C.A. No. 0:02-300
*Hazel Lee Jefferson, et al. v. Warner-Lambert Co., et al.*, N.D. Mississippi, C.A. No. 3:01-195
*Sara Lampton, etc. v. Warner-Lambert Co., et al.*, S.D. Mississippi, C.A. No. 3:01-995
*Deborah M. Pennifill, et al. v. Warner-Lambert Co., et al.*, E.D. Virginia, C.A. No. 1:02-238

***BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL***

## TRANSFER ORDER

Presently before the Panel are motions by plaintiffs in these five actions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the Panel's orders conditionally transferring the actions to the Southern District of New York for inclusion in the Section 1407 proceedings occurring there in this docket. Defendants[1] oppose the motions and favor inclusion of these actions in the centralized pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact with actions in this litigation previously transferred to the Southern District of New York, and that transfer of these actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that pending motions to remand these actions to their respective state courts can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Southern District of New York was the proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects of Rezulin.

---

* Judge Selya did not participate in the decision of this matter.

[1] Warner-Lambert Company, Parke-Davis, and Pfizer Inc.

A CERTIFIED COPY
JAMES M. PARKISON, CLERK
7-8-02
By Melanie L. Lopez
Deputy Clerk

(12)

*See In re Rezulin Products Liability Litigation*, MDL-1348 (J.P.M.L. June 9, 2000) (unpublished order).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these five actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Lewis A. Kaplan for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman